Parker, C. J.,
delivered the opinion of the Court. The question respecting the deposition is important. It has frequently arisen at nisi prius, but has never been settled by the whole Court.
Upon a critical examination of the statute, which provides for the taking of depositions, and prescribes the manner of taking them (1), we are satisfied that a deposition taken pending an ac- [ * 395 ] tian, to remain in perpetuam rel * memoriam, cannot be used in the trial of that action. The first section of the statute authorizes the taking of depositions to be used in an action commenced, and prescribes with great particularity the form and manner. This differs essentially from the form and manner prescribed for taking depositions in perpetuam,, which are provided for in another and independent section of the statute. Now, if deposi *327 lions thus taken could be used in an action, pending when they were taken, there would have been no occasion for the former provision ; for this would apply to all cases.
There is also, in the fifth section, a provision for taking down by the clerk in writing the testimony of a witness, upon the suggestion of a party that the testimony may be lost on a future trial. This provision would have been wholly unnecessary, if depositions, in perpetuam, could be used in all cases.
As to the construction of the statute, upon which this action is brought, it must be reasonable : and it would not be so if it were held to exact a penalty for doing an act of humanity or common charity. Taking the whole statute together, we are fully satisfied that the offence intended to be punished, was that of bringing a poor person into a town, with intent to leave him there, a charge and burden upon such town. The point was properly left to the jury in the present case; and their verdict was founded upon the belief that the defendant had no such intent, and it was warranted by the evidence.

Judgment on the verdict.

 Stat. 1797, c. 35.