Parker C. J.
delivered the opinion of the Court. A verdict was returned for the defendant on instructions from the judge in matter of law, which are complained of as erroneous.
The first branch of the instructions involved the principle, that it was necessary, in order to make a person liable to the penalty, that the act of bringing the pauper within the town must be with intent to put the town, or some other town, to the expense of maintaining or relieving the pauper. By the terms of the statute such intention is not expressly made an ingredient of the offence, but attributing to the legislature who enacted it a knowledge of the common principles of justice, and a design to be governed by them, it is impossible to impute to them an intent to fix a penalty upon the subject, for an act which may not only be free from any moral turpitude, but may be the result of a strong sense of moral and social duty. To help the wayfaring man on the road, and especially the poor and miserable, could never be deemed worthy of punishment. There must be some culpable intention, to give such an act the character of a crime. And so it was decided in the case of Greenfield v. Cushman, 16 Mass. Rep. 393.[1] We think it immaterial, whether the statute is to be considered technically penal or remedial, as in either case the meaning and intent of the legislature would be a necessary source of construction. Whether the evidence in the case would have justified the jury in imputing such intent to the defendant in the present instance, is not a question before us, as the. verdict is not objected to or the ground that it is against evidence.
The other branch of the instructions complained of is, tho if Saunderson, who conveyed the paupers to Deerfield, was ordered by the defendant to take them to Montague with a view to help them on their way to Chesterfield, whither they *477 were desirous of going, the defendant was not liable to the penalty, although Saunderson might have left them in Deerfield with a view to subject'that town to expense. And we think this was clearly right. It was an innocent act in an overseer of Sunderland to endeavour to avoid a charge upon his town, by aiding the paupers on their journey to Chesterfield in another State, and a deviation from these orders by the agent employed would subject the agent to a penalty, but not the constituent, it being a principle that masters are not answerable criminaliter, whatever they may be civiliter, for the unauthorized acts of their servants.

Judgment according to the verdict

 Sanford v. Emery, 2 Greenl. 5.