## J. ROGERS *vs.* W. MCDEARMID.

A DEBTOR who has been arrested by virtue of an execution is entitled to be discharged upon paying the amount of the execution and fees.

And if his goods be seized, he may redeem them by paying the sum the sheriff is directed to levy, and the fees.

A creditor has a right to direct the officer, to whom he delivers his execution, not to collect the whole amount; and in such a case the sheriff has no authority to receive any more than he is directed to receive.

And where a sheriff has such instructions, a tender to him of the amount of the execution and fees, is no bar to an action on the judgment.

DEBT upon a judgment rendered by the court of common pleas in this county, at February term, 1830, for $194 90 debt, and $12 07 costs of suit.

The defendant pleaded, 1. Payment on the 22d March, 1833; on which plea issue was joined. 2. That on the 10th September, 1832, execution remained to be done for $193 56; that the plaintiff on that day sued out execution for that sum, and delivered the same to J. B., a deputy sheriff, to be executed and returned; that on the 22d March, 1833, the defendant tendered to the said J. B. the said sum of $193 56, being the whole amount due on the judgment, and that J. B. refused the tender. And the defendant brought the money tendered into court.

To this plea the plaintiff replied that at the time of the tender on the 22d March, 1833, J. B. had not the execution in his hands to be executed, and tendered an issue to the country, which was joined.

The cause was tried at the September sittings, 1834, when it was agreed by the parties that on the 10th September, 1832, an execution issued on the judgment, for $193 56, which execution, on the 2d March, 1833, was delivered to J. B., a deputy sheriff, to be executed; that on the 11th March, 1833, the plaintiff's attorney, who delivered the execution to J. B., directed the latter not to levy the execution until fur-

ther directions should be given by the attorney; that early in the morning of the 22d March, 1833, the attorney gave J. B. orders to return the execution to him; that before J. B. had returned the execution to the attorney, the defendant tendered to J. B. $198, in discharge of the execution and officer's fees, and left that sum at the house of the officer; that the officer told the defendant that the attorney had sent for the execution, and that he could not receive the money in satisfaction of the execution without further orders; that the officer on the same day returned the execution to the attorney, who, understanding that the defendant had left the sum of $198 tendered as aforesaid, at the house of the officer, again delivered the execution to the officer, with directions to levy the same on $193 of the money left at the house of the officer, in part discharge of the execution, and upon such further sum as should be sufficient to pay the fees of the officer, and return the residue, if any, to the debtor; that the debtor, who was present when these directions were given to the officer by the attorney, then said that he tendered the said sum of $198 in full satisfaction of the execution; and that on the same 22d March, the officer levied the execution on $193 of said money in part satisfaction of the execution, and upon $3 45 for his fees, and returned the execution satisfied in part.

Upon these facts a verdict was taken for the plaintiff, for the balance of the execution and interest, subject to the opinion of the court upon the foregoing case.

*Bell*, for the defendant. The question is, whether the plaintiff can maintain this action upon the facts stated in this case.

Our writ of execution is a command to the sheriff, that of the goods, chattels and lands of the debtor, to be by him shown or found by the sheriff within his precinct, he cause to be paid and satisfied to the creditor, at the value thereof in money, the sums mentioned in the execution; and that for want of goods, chattels and lands, he commit the body.

The whole object and necessity of executions and sheriffs seems to be to convert the personal or real estate of the debtor into money, to satisfy the creditor's claim.

It would seem, then, a singular perversity in the law of executions and sheriffs, if its end can only be obtained by coercion—if, when the debtor is ready and willing, and offers to pay the sheriff all that the law permits or authorizes the latter to take, he cannot be permitted to pay.

It is agreed in this case that the sheriff had in his hands more than the amount of the debt, costs and legal fees. The whole amount was twice tendered to the sheriff—once after he had orders not to proceed, and once after he had orders to collect all but a small sum. We say that either of these tenders was sufficient. When the creditor has elected to take out execution and collect his debt through an officer, it is the right of the debtor to discharge that execution by paying to the officer what is due in that form of remedy. It is his right so to do. For in this way only can his body and property be made safe from the creditor.

Suppose in this case, that immediately after the levy by the officer, the plaintiff had ordered the defendant to be arrested and committed for the small balance of the execution which remained unsatisfied, what remedy would the defendant have had to avoid commitment? If he could not legally tender the whole, how could he tender the balance?

We say, it is the right of the debtor to protect his person and property against the claim of the creditor, by paying in full, if he so pleases, all the creditor can demand lawfully in the form in which he has chosen to proceed. This right is clear, both from the reason of the thing, and the form of the execution itself.

The officer, when he receives an execution, is the servant of the law, and equally bound to both parties to discharge his legal duties. He may lawfully obey the plaintiff's directions to collect a part, if the debtor do not insist upon his right to discharge the whole at once.

It is clear that the officer can collect only the face of the execution and his fees. This is the extent of his power, and nothing more can be demanded of the debtor. This the officer has a right to demand, and this the debtor has a right to pay. Any other doctrine would give the creditor a right to make as many levies, and the officer a right to charge fees as many times as to them might seem good, although the debtor might have all the money ready in the beginning, and be anxious to pay the whole at once.

If the debtor has not the right to pay the whole debt to the sheriff, and at once, and it is not the duty of the sheriff so to receive it, what can prevent the creditor from ordering one sheriff to collect half—another to collect one fourth—another one eighth—and another to commit the debtor for the uttermost farthing at last ? What, I ask, but the right on the part of the debtor to tender the whole sum to the sheriff can secure his body from imprisonment in any case ?

Will it be said, that the creditor may retain a part of his judgment for the purpose of a suit, when he would not be at liberty to commit the debtor to prison for the balance ? This is clearly not so. The plaintiff is as well entitled to his execution for any balance of his judgment as he is to sue for it.

We contend, that it is the right of the debtor, when his creditor proceeds against him by execution, to pay the whole if he pleases ; and that the creditor cannot by any directions of his own defeat or control this right. If the creditor can control the right at all, he may direct in any manner, and collect a dollar or a cent at a time, and so harass the debtor to any extent ; or he may in all cases order his officer to collect the whole face of the execution, but to return, as well he may, that the execution is satisfied in full except for interest, and then bring debt on any judgment that is not paid the day it is rendered.

The plain truth is, the plaintiff has no such right. He may use his judgment as a cause of action, and bring a

suit upon it, and recover his interest under the sanction of a court. But if he proceed by execution, it becomes the right of the debtor, if he so pleases, to discharge the whole execution at once, and thus protect his body and property from the attacks of process.

If the defendant had this right, did he in this case claim it and exercise it rightfully?

It appears that the officer had the execution from the 2d to the 11th March, 1833. During all this time he was answerable to the creditor for the amount of the execution, if the debtor escaped without paying. On the 11th March the sheriff was told not to collect without further orders. In the morning of the 22d March the plaintiff sent for the execution; but before the execution was returned to the attorney, or the defendant had any notice of the order to return it, he made a tender of the whole sum to the sheriff. We say this is sufficient for the defendant. He neither knows nor is bound to know what takes place between the creditor and the officer. The plaintiff may take back his execution on paying the officer's fees. But while the execution is in the hands of the officer, and in force, the debtor has a right to pay, and to pay in full, and in full discharge of himself and property.

But we say, further, that if the plaintiff had the right to recal his execution from the sheriff before it was executed, he could not prevent the defendant from paying the whole sum while the execution was actually in the sheriff's hands for collection.

It appears in this case that after the money was tendered to the sheriff and left in his house, the execution was again delivered to the sheriff, with directions to levy it upon the money, and satisfy it in part; and that the defendant at the same time, and while the sheriff so had the execution, again tendered the whole sum due, in full satisfaction of the execution, costs and fees.

Here, then, the rights of the parties are directly at issue.

The plaintiff, with full knowledge that there is enough to pay the whole, directs a levy of a part; and the defendant, with a full knowledge of these instructions, and with enough to pay the whole, directs the officer to take the same in full satisfaction.

The officer cannot take the body, if the debtor show him sufficient goods and chattels. Can he then take it if he shows him and tenders him sufficient money?

In the case of *Watson* vs. *Fuller,* 6 *Johnson* 283, it was held that it is an abuse of the process of the court to make use of the execution to enforce the payment of interest accruing subsequent to the judgment. It is acting without authority. Upon a judgment at law no interest subsequent to the judgment can be received. You may bring a fresh action for it as a new cause of suit, but you cannot levy for it. 2 *Vezey, jr.* 162.

These principles are admitted in *Hodgdon* vs. *Hodgdon,* 2 *N. H. R.* 171, and it is there said that a judgment creditor has a most unquestionable right to forbear to collect the whole amount of the judgment, in order to enable him, by an action of debt on the judgment, to recover interest. Nor can this right be defeated by a tender of the balance due upon the judgment, and interest upon that balance. A judgment creditor is entitled to receive the amount of his judgment and interest upon it until paid.

We have no doubt at all of the soundness of these principles, or the soundness of this decision. When the judgment is used as a cause of action, and is treated as a ground of fresh suit, it is unquestionably attended with all the qualities there ascribed to it. We have no quarrel, therefore, with that decision. It does not reach our case.

We hold, that when the creditor takes out his execution and enforces his rights in that form, it is not in his power to split his demand into parts at the expense of the debtor. The moment the execution is delivered to an officer to collect, the debtor has rights in regard to it as well as the cred-

itor. And one of the unquestionable rights of the debtor is to pay to the officer the whole debt, and obtain a full and certain discharge; and the creditor can neither impair nor take away this right by any directions of his.

We think this is clearly implied in the case of *Watson* vs. *Fuller*, before cited.

But the matter is not left to inference alone. In the case of *Lansing* vs. *Law*, 5 *Cowen* 248, it was held that it is always the duty of the sheriff to receive money tendered on a *fieri facias*; and after such tender an order may be obtained, restraining the sale of property on the execution, if the sheriff refuse the money tendered. It is his duty to receive it.

So also in the case of *Merrit* vs. *Bowen*, 7 *Cowen* 13, it was held that a levy on sufficient personal property to satisfy the judgment, although the execution be returned unsatisfied, by the direction of the creditor, extinguishes the judgment.

And in *Cornell* vs. *Cook*, 7 *Cowen* 310, it was held that an action will not lie on a judgment after a levy by execution on property sufficient to satisfy it.

It is laid down in *Tidd's Practice* 936, 937, that when the sheriff has taken goods upon a *fieri facias* to the amount of the sum directed to be levied, the debtor is discharged, and may plead it in bar to an action of debt or *scire facias* on the judgment. 2 *L. Raymond* 1072; 1 *Salkeld* 322; 4 *Cowen* 417.

These authorities we think fully sustain (if authorities could be wanted where the reason is so strong) the ground taken in defence, that when the creditor enforces his claim by execution in the hands of an officer, the debtor has a right to pay the whole debt at once, and that the officer is bound to receive it. And as the whole debt was tendered in this case, the defendant is entitled to judgment.

*Bliss*, for the plaintiff.

GREEN, J., delivered the opinion of the court.

On the 2d March, 1833, when the plaintiff delivered his execution to the officer, there was justly due to the plaintiff upon the judgment, including interest, at least $228 56 ; and he might have legally enforced the payment of that sum by an action of debt upon the judgment. His right thus to recover that sum is well settled, and is conceded in the argument in this case.

Having a legal claim to recover that amount, the plaintiff placed his execution in the hands of an officer, with directions not to levy the whole amount. While the execution was thus in the hands of the officer, the defendant tendered to the officer $198, in full of the face of the execution and of the officer's fees, and has brought the sum tendered into court. And the question is, whether this tender is a bar to this action ?

On the part of the defendant it is insisted, that when a creditor puts his execution into the hands of an officer, the debtor has a right in all cases to a discharge upon paying to the officer the face of the execution and the officer's fees ; and that this right is given to the debtor to secure him against an oppressive and vexatious use of the execution on the part of the creditor. No case has been cited in which such a right has been recognized in any court ; but it is insisted that such a right is essential to a debtor in such a case to protect him from oppression ; and if the fact be so, it is without doubt a strong argument in favor of the right.

But how is the fact ?

It is well settled, that a sheriff by virtue of an execution can enforce the payment of nothing more than the sums mentioned in the execution and his fees.

It is equally clear, that when a debtor is arrested by virtue of an execution, he is entitled to be discharged upon the payment of the sums mentioned in the execution and the officer's fees. The precept itself authorizes the detention only till that is done. And when he is once so discharged

the execution is satisfied. For if the body of a debtor be once arrested, it is a satisfaction unless he escape. 4 *N. H. R.* 174, 175.

It is also well settled, that when a sheriff has an execution, with directions to levy the whole amount, or a particular sum, and he seizes goods by virtue of the execution, it is his duty to receive the whole amount, or the particular sum ordered to be levied, if it be offered by the debtor, and discharge the goods. And if a sheriff, unmindful of his duty in this respect, should retain the goods after such an offer, he would be answerable to the debtor as in other cases for any damage resulting from such breach of duty.

And when a debtor, against whom there is a judgment, has the money ready and wishes to pay the debt, he should go to the creditor and tender him the amount of the judgment and interest; and if the creditor refuse the tender, when legally made, the debtor has only to keep the money ready, in order to stop the interest. And if the creditor, while the money is so kept ready by the debtor, attempt to vex him with an execution, he will do it at his peril.

The law, then, affords a debtor, who is ready and willing to pay, ample protection against any arrest of his body or seizure of his property. And there is no sound reason why a debtor should have a right in all cases to discharge an execution in the hands of a sheriff, by paying the face of the execution and fees.

An officer derives his authority to arrest the body, or seize the goods of the debtor, from the process committed to him. But it is well settled, that in executing the process he is bound to follow the lawful directions of the creditor. And it is most unquestionably the right of the creditor to direct the officer in what manner and to what extent the execution shall be levied. And the sheriff has no authority to receive any greater sum than what the creditor directs to be levied.

It has been settled in this state, that a creditor who has obtained a judgment has a right to direct a levy of a part

only, in order that he may maintain a suit on the judgment, to compel the payment of interest ; and that this right cannot be defeated by a tender of a less sum than the amount of the judgment and interest.

A tender then in this case of the sum offered to the sheriff, if it had been made to the plaintiff, would not have been a bar to the action.

And, *a fortiori*, a tender to the sheriff, who had no authority to receive the whole amount of the execution, cannot be a defence in this case, and there must be

*Judgment on the verdict.*