By the Court,

Nelson, C. J.
It is supposed the witness is still interested, on tlie ground of his liability for the defendants’ costs, in case of a, recovery in their favor. The objection might be fatal were it not for the bond of indemnity. That neutralizes the interest of the witness; for if he should be called on to pay these costs, he has a perfect remedy over against Smith, the beneficial owner of the subject matter of the suit. This principle of [19] evidence was stated upon authority, illustrated and applied in a recent case in the court of errors (Gregory v. Dodge, 14 Wendell, 593.) (a) The marginal note of that case does not state with precise accuracy the principle intended to be established. After a brief reference to the facts, it is said by the reporter, “ it was held that A. B. was a competent witness, notwithstanding the effect of his testimony was to charge the complainants •with, a debt for which he was individually liable, and of the liability of the complainants for the payment of which there was no proof independent of such testimony ; ” it should have been added, it appearing in the case, that though the witness was individually liable to the defendants, the complainants were *13 liable over to him, which neutralized his interest. The witness, by his testimony. discharged a debt due to the defendants from himself, by fixing it upon the complainants; and therefore appeared to be interested against the latter. But the case further shows that the debt belonged to the complainants to pay, and that if the defendant should have to collect it from the witness, he had a perfect remedy over; it was therefore a matter of pecuniary indifference to him which succeeded; the -witness could lose nothing. There might be more difficulty in saving himself harmless in one alternative than in the other; but the question of interest, as was clearly shown, could be permitted to turn upon a preponderance of difficulties. So in this case, if McCollum should be subjected to the defendants’ costs, he has a complete remedy over upon his bond. (7 Cowen, 358.)
Motion to set aside report denied.

 Bee note to that case in the second edition of these reports. Under the N. Y. Code, ' the only question would be whether the witness was the person for whose immediate benefit the suit was prosecuted, § 398, 399. Section 399, excludes only persons who are absolutely entitled to the proceeds of the litigation ; not those who ultimately may be entitled to reseivo them from the party to the action. Freeman v. Spalding, 2 Kernan, 373.