## DEARBORN *vs.* DEARBORN.

Depositions taken *in perpetuam rei memoriam* may be used in suits pending at the time of the caption of such depositions, in cases where, prior to the trial of such suit, the witness had deceased.

But in all cases of testimony taken *in perpetuam*, notice must be given to the parties in interest in the subject matter to which the deposition relates; and such depositions cannot be used as evidence except against those who were duly notified, or persons claiming under them; and the same rules of notice, as to time and service, will be required as in the caption of ordinary depositions.

Where an individual is collaterally interested in the event of a suit in any given sum, so as to render him incompetent as a witness, such incompetency may be removed by the payment of the amount of the liability.

Where an individual was surety on a bond, with a condition to pay the plaintiff the amount due on a judgment recovered in his favor, unless the judgment was reversed on a review of the action—*Held*, that such person was incompetent as a witness on such review, until he had received money sufficient to respond the amount of such judgment, with interest on the same up to such period as there was any probability the action might remain pending.

ASSUMPSIT, on review.

Upon the trial the defendant offered in evidence the deposition of James Moore, Jr., taken *in perpetuam rei memoriam*, subsequent to the commencement of the suit.

The plaintiff objected to its admission; but it appearing that Moore had since deceased, it was admitted.

The defendant also offered the evidence of Isaac Riddle, to whose admission as a witness the plaintiff objected, on the ground that he was interested in the event of the suit; to show which they introduced a bond, executed by the defendant and said Riddle, to the plaintiff, with the condition that the obligees would pay the amount due on the judgment previously recovered by the plaintiff against the defendant in this suit, unless the same should be reversed in the present action of review.

The defendant thereupon, for the purpose of removing the interest of said Riddle, paid to him the sum of $202·14½, to be applied towards any judgment which the plaintiff might recover in the case—alleging that the same was suffi-

cient to discharge the interest of Riddle ; and the court admitted him to testify, to which the plaintiff excepted.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*Dodge, & C. H. Atherton,* for the plaintiff.

*Farley,* for the defendant.

Upham, J. The first exception in this case is, that the deposition of James Moore, Jr., which was taken *in perpetuam rei memoriam,* is inadmissible, for the reason that the caption of the deposition was during the pendency of the present suit.

This exception is sustained by the decision in the case, *Greenfield* vs. *Cushman,* 16 *Mass. R.* 393. That decision, however, is founded on some provisions in the Massachusetts statute different from ours, which are adverted to as in part the grounds of the decision.

It is perfectly clear, that depositions taken *in perpetuam* cannot ordinarily be used in pending suits. We think, however, there may be circumstances that render their admission as necessary and proper in such cases as in any suits subsequently instituted.

In Massachusetts such depositions are permitted to be used in case of the death of the deponent, or his absence from the state, or his inability, from sickness or age, to attend court.

A similar rule is established in New-York. Our statute is silent as to the cases in which such depositions may be used ; but we think they are clearly admissible in cases where the witness has deceased since the taking of the deposition, whether the action was pending at the time of the caption or not. It is the state of the facts at the time the use of the testimony is required, that determines as to the admissibility of the evidence, rather than the facts subsisting at the date of the caption.

The fact that the testimony might have been taken expressly for this case, in the common form, cannot preclude its use ; but in all cases of the taking of testimony *in perpetuam,* notice must first be shown to the parties in interest in the subject matter to which the deposition relates. The rule laid down on this subject in 3 *Pick.* 74, *Welles* vs. *Fish & al.* seems founded in sound principle, that depositions taken *in perpetuam* cannot be used as evidence, except against those who were duly notified and made parties to the caption, or persons claiming under them in relation to the subject matter of the deposition, and that in all such cases the same rules of notice as to time and service will be required, as in the caption of ordinary depositions.

The deposition of Moore, if properly taken in this respect, was rightly used, and not otherwise.

There is, also, an exception in this case, as to the competency of Isaac Riddle as a witness. It appears that at a former term the plaintiff recovered judgment against the defendant, on which judgment execution issued, which was in part paid when the defendant sued out a writ of review of the action ; and, on suggestion being made to the court of the plaintiff's irresponsibility, and evidence offered on that point, the execution was ordered to be stayed, provided the defendant would file a bond, conditioned to pay the plaintiff the amount due on such judgment, if the same was not reversed in the action of review.

Such a bond was filed ; and Riddle, who was the surety upon the bond, was offered by the defendant as a witness on the trial on review. He was, of course, interested in the event of the suit. The defendant, to remove this interest, paid to the witness what he supposed to be the amount due on said judgment.

Two questions have been raised on this point : 1. Whether payment should be made of the penal sum of the bond. 2. If not, whether the amount due on the judgment was paid.

It is well settled, that where an individual is collaterally

liable in any given sum in the event of a suit, so as to render him incompetent as a witness, such incompetency may be removed by the payment of the amount of the liability.

The incompetency of the endorser of a writ to testify as a witness for the plaintiff, arising from his liability to costs, may be removed by the plaintiff, by depositing with the clerk such sum as the court shall deem sufficient for the purpose, out of which the defendant's costs are to be satisfied in case he should finally prevail. 9 *Greenl. R.* 9, *Roberts* vs. *Adams*.

A receipter for goods attached, which have gone into the possession of the defendant, is competent to testify on a sum of money equal to the whole amount for which he can by possibility be liable being placed in his hands as an indemnity. 13 *Pick.* 79, *Allen* vs. *Hawks ;* 15 *Ditto* 468, *Beckley* vs. *Freeman ;* and the surety on a replevin bond is also competent to testify, on receiving the amount of the penalty. 15 *Pick.* 51, *Hall* vs. *Baylies.*

In New-York it is still farther holden, that an individual, liable for the costs of a suit in case of the failure of the plaintiff to recover, is, notwithstanding, a competent witness for the plaintiff, if he hold a bond of indemnity against such costs, executed by a responsible obligor. 17 *Wend.* 18, *Lake* vs. *Auborn.*

In this case, we think the extent of the liability of the witness depends on the condition of the bond, and not on the penalty ; and that if sufficient money has been placed in the hands of the witness to meet the condition of the bond, the witness is competent. Was a sufficient amount placed in his hands for this purpose ? It is conceded there was not, provided interest might be taxed upon the judgment ; and this question has been already settled in the case of *Rogers* vs. *McDearmid,* 7 *N. H. Rep.* 506. It is there holden that a creditor may legally enforce payment of interest on an execution, by an action of debt upon the judgment, and that he has a right to direct a levy of part of the execution only,

Dearborn *v.* Dearborn.

in order that he may maintain a suit on the judgment, to compel the payment of the remainder, and interest ; and that this right cannot be defeated by a tender of a less sum than the amount of the judgment, and the interest.

If such be the case, the plaintiff in this instance might legally collect the interest on his judgment. The money received by him did not, therefore, fully indemnify the witness. The full amount of principal and interest to the time of the admission of the witness to testify, should have been tendered, and any amount farther that could in any probability accrue during the pendency of the present suit.

A sum clearly short of this amount was placed in the hands of the witness. He therefore was still interested, and was incompetent to testify. As his testimony was received, the verdict must be set aside, and a

*New trial granted.*