## CHARLES L. SMITH *vs.* IRA WADLEIGH & *al.*

No person can use a deposition taken *in perpetuam,* unless it appears to have been taken at his request, or at the request of those under whom he claims.

The Court will not in future enforce parol agreements in respect to the prosecution of a cause, unless made in writing.

Whether such parol agreements heretofore made, shall be recognized by the Court as binding the parties, will depend upon the nature of the agreement, and the clearness of the proof by which it may be established.

Where a deposition was taken *in perpetuam,* at the request of a third person, and the defendants in the cause on trial, were notified as the adverse party, and were present, and agreed with this plaintiff that the same deposition might be used in the present suit, and the deponent had deceased, the deposition was permitted to be used.

Assumpsit for labor performed in running logs out of *Pleasant River* at the request of the defendants.

At the trial, before SHEPLEY J. the plaintiff offered the deposition of *S. P. Dutton,* who had then deceased, taken *in perpetuam,* at the request of *Seth Whittier* and others, not including the plaintiff, who severally had actions pending against the defendants for similar services. The Justices, who took the deposition, certified, that the defendants, being all the persons living within twenty miles of the place of caption, or in the State, known to be interested in the property to which the deposition relates, were duly notified, and that one of them attended in person, and the other by an attorney. A verbal agreement, that the deposition might be used in this action was proved. The defendants objected to the reading of the deposition. The Judge, however,

admitted it.  If the deposition was not legally admissible under the agreement, or as taken *in perpetuam,* the verdict for the plaintiff was to be set aside.

*Rogers,* for the defendants, contended, that the deposition was not admissible, as one taken *in perpetuam.*  The deposition was not taken at the request of the plaintiff or of any one under whom he claims.  It cannot therefore be legally used by him.  *Wells* v. *Fish,* 3 *Pick.* 74.  The *stat.* 1821, *c.* 85, § 8, merely authorizes such deposition to be used " in any cause to which it may relate ;" — that is, any cause between the same parties.

He insisted, that mere loose talk out of doors, proved by witnesses who put their own construction on the language used, ought not to be permitted to make that evidence which by law is inadmissible.

*J. Appleton,* for the plaintiff, insisted, that the deposition was admissible, as one taken *in perpetuam.*  The subject matter was the same in this case and in that in which it was taken.  It is within the spirit and plain language of the statute.

It is admissible as evidence agreed by the parties to be used in the case.  It is immaterial by what mode the agreement is proved, whether by written or parol evidence.  And such agreements are beneficial to both parties, as it saves the expense of taking in every case.  A contract made with the attorney respecting the suit is valid, and surely it is so, if made by the party himself.  *Union Bank* v. *Geary,* 5 *Peters,* 99.

It is also admissible as the best evidence, since the death of the deponent.  3 *Bingh.* 421.

The opinion of the Court, was drawn up by

WESTON C. J. — The act of 1821, *c.* 85, prescribing the mode of taking depositions, is a transcript of the statute of *Massachusetts,* existing at the time of our separation.  It had there been decided that a deposition, taken *in perpetuam,* after an action had been instituted, could not be used in such action.  *Greenfield* v. *Cushman,* 16 *Mass. R.* 393.  This objection has been removed by the *statute* of 1823, *c.* 211.

The general statute provides, that a deposition, taken *in perpetuam,* may be used as evidence in any cause, to which it may re-

late. But it seems reasonable, that it should have some limitation as to parties, whose interests are to be affected by it, and that those, against whom it is to be used, should have the means of being apprized for whose benefit it is to be taken. The necessity and expediency of such a limitation, in a similar statute in *Massachusetts*, was settled in the case of *Wells* v. *Fish, & al.* 3 *Pick.* 74. It was there held, that no person can use such deposition, unless it appears to have been taken at his request, or at the request of those under whom he claims. We are satisfied with the correctness of that decision, without repeating the reasons, upon which it is founded. The deposition in question, not having been taken at the request of the plaintiff, or of any one under whom he claims, could not, in our opinion, be used by him under the statute.

- It is insisted however that it was admissible, in virtue of the parol agreement of the parties. Justice may require, that the lawful agreements of parties, in respect to the prosecution of a cause, fairly entered into, should be carried into effect. And we have no doubt, that where they are clearly established, the Court have authority to cause them to be enforced. We think however, that they should appear in writing, that the terms may be clearly understood, and that there may be no room for mistake or misapprehension. Where they depend on parol evidence, witnesses may, and often do differ in their recollection. They may be perverted, from the frailty and imperfection of memory, as well as from other causes ; and there is certainly danger, that they may rather embarrass than aid the administration of justice. We desire therefore, that it may be distinctly understood, that the Court will not in future enforce such agreements, unless made in writing. Whether any one heretofore made, not sustained by written evidence shall or shall not be recognized as binding the parties, will depend upon the nature of the agreement, and the clearness of the proof, by which it may be established.

In the case before us, the defendants were notified of the time and place of caption. One of them attended in person, and the other was represented by his counsel. They agreed that the deposition should be used in this action. This the jury have found, upon satisfactory proof. The deponent has deceased, and his testimony is forever lost, unless the plaintiff can avail himself of this

deposition, in pursuance of the agreement, made with the defendants. But for that, they might have preserved the evidence, in a mode legally admissible. And under all the circumstances we are of opinion, that the defendants have no right to complain of the use of the deposition, and that the verdict ought not to be disturbed upon this objection.

*Judgment on the verdict.*