ALBERT G. CURTENIUS *et al.*, appellants, *v.* WILLIAM
WHEELER *et al.*, appellees.

*Appeal from Stark.*

In an action upon two promissory notes by the assignees thereof against the
maker, the defendants introduced evidence tending to show a failure of con-
sideration, when the plaintiffs offered as a witness a person who had executed
a mortgage of his real estate to said assignees to secure a debt due from the
payees of the notes to the assignees, for which debt the notes in said suit
were assigned to the plaintiffs as collateral security.  The defendants
objected to his introduction on the ground that he was interested in the event
of the suit.  The witness stated that he was interested in no other way.  He
was not permitted to testify :  *Held,* that the witness was competent.

It is well settled, as a general rule, that to disqualify a witness from testifying
on the ground of interest, he must have some certain, legal and immediate
interest in the result of the cause, or in the record.

*Semble,* that a witness is never disqualified from testifying on account of interest
in the result of a suit, when the extent of his own liability or claim is pre-
viously fixed and certain, and a judgment either way would not directly and
certainly increase or diminish that liability or claim.

ASSUMPSIT, in the Stark Circuit Court, by the appellants
against the appellees, and heard before the Hon. John D.
Caton and a jury, at the October term, 1848, when a verdict
and judgment were rendered for the defendants.

The facts, so far as they are material to the determination
of this case, are stated in the Opinion of the Court.

*J. Manning,* for the appellants, filed the following brief.

I.   The witness, White, rejected as incompetent on the
ground of interest, was a competent witness for the plaintiff
below.

1.   He had given security for the payment of the debt,
for the security of which the notes in suit had also been
assigned to the plaintiffs.  The undertaking of the witness
was that the payees of the notes should pay their debt, and
not that their debt should be paid by the notes in suit.  The
witness had no direct and certain interest in the event of the
suit, which was necessary to justify his exclusion.  *Carter*
v. *Pearce,* 1 T. R. 163; *Day* v. *Green,* Hardin, 117;
*Stewart* v. *Kipp,* 5 Johns. 256; 7 Mass. 25.

2. The true test of the interest is, "will the witness gain or lose by the event, or will the record be admissible in evidence for or against him?" 1 Greenl. Ev. 491, § 390. Now, in this case, the witness would not gain by a judgment in favor of the plaintiffs. Such judgment would not discharge him from liability. His liability is independent of this judgment or the security of these notes, and that liability is not decreased by the obtaining of the judgment. His interest is too remote and contingent to affect his competency. The record would not be evidence to discharge his liability. The payment of the original debt by his principals, whether by means of these notes or otherwise, alone discharges his liability. If it were shown that his principals had no other means except the notes in suit to pay the original debt, a different question might be presented, but the Court will not presume this in the absence of proof, and therefore the interest is too uncertain to affect the competency of the witness.

II. If the witness were interested in the suit, he had recourse on his principals, the Thomases, and therefore his interest was equally balanced. *Gregory* v. *Dodge*, 14 Wend. 604; *Lake* v. *Auburn*, 17 Wend. 18; *Gregory* v. *Dodge*, 4 Paige, 558; *Martineau* v. *Woodland*, 12 Eng. Com. Law R. 453; *Banks* v. *Kain*, 12 do. 753; *Benedict* v. *Hickox*, 18 Wend. 503.

III. At most, the witness offered was merely a security for the indorsers, and if in that case his principals would have been competent, *a fortiori* would the proposed witness? *Jordain* v. *Lashbrook*, 7 T. R. 601; *Shuttleworth* v. *Stephens*, 1 Camp. 408; *Stephens* v. *Lynch*, 2 Camp. 332; *Richardson* v. *Allen*, 2 Starkie's R. 344; *Dickinson* v. *Prentice*, 4 Espinasse, 52; *Barber* v. *Gingell*, 3 do. 62; 3 Wend. 415; 5 Cowen, 23; *Thayer* v. *Crossman*, 1 Metc. 416; *Strong* v. *Buck*, 11 do. 279.

*O. Peters*, also for the appellants, insisted that White was a competent witness for the plaintiffs. The mortgage which he gave to the plaintiffs was not given to secure the pay-

ment of the notes in suit in this action, but to secure the indebtedness of the Thomases (the payees of the notes) to the plaintiffs, and the notes were holden by the plaintiffs as security for the same debt; so that the plaintiffs were, at most, the trustees of these payees. White's undertaking, therefore, was not that he would pay the notes in suit, but that he would pay *another* debt from these payees to the plaintiffs. Thus the interest of the witness was too remote, contingent and uncertain to justify his exclusion. To render him incompetent on the ground of interest, it is necessary that he be directly interested, and liable in all events if the plaintiffs fail in their suit. 1 Greenl. Ev. § 408; *Day* v. *Green,* Hardin, 117.

1. The true test of the competency of a witness generally is, will he gain or lose by the event of the suit? 1 Greenl. Ev. 491, § 390. White will not gain by a judgment in favor of the plaintiffs, for his liability will remain independent of the judgment, or of the security furnished by the pledge of these notes. That liability is not affected by a recovery of a judgment by the plaintiffs. If the plaintiffs should succeed in collecting their judgment the money received by them would, *pro tanto,* discharge the mortgage, because it would go in discharge of the debt of the Thomases to them. But they may never collect the judgment if recovered. They may resort at once to this mortgage, or to their original security of the Thomases. The liability of this witness then rests upon a contingency depending upon other contingencies.

2. But if, in any sense, the witness is interested, that interest is balanced. *Gregory* v. *Dodge,* 14 Wend. 593, 604; *Lake* v. *Auburn,* 17 do. 558; *Benedict* v. *Hickox,* 18 do. 503. See, also, *Walton* v. *Shelby,* 5 T. R. 276, and full discussions of the principles of that case and others following that decision in *Story* v. *Beech,* 11 Metc. 279; 2 Cowen's Treat. 964, 967.

It might be proper to urge the interest of this witness, and his relations to the parties, upon the consideration of a jury; but it would be a violation of principle to hold him incompe-

tent. The tendency of the decisions in more modern times is to enlarge the rule of competency of witnesses, and if their interest is not direct, to permit them to testify, and leave it to the jury to judge of their credibility. This is a better rule and better subserves the purposes of justice.

As to the record in this case, we are unable to see how, in any event, it can be used as evidence for or against this witness. He is only liable on his mortgage, and according to its terms. If the plaintiffs recover a judgment against White & Putnam, that is not a discharge of the mortgage. If they collect the amount of the judgment, they must apply it to the debt against the Thomases; but the record of the judgment can, in no event, be evidence of such payment.

*N. H. Purple,* for the appellees.

The witness was interested to reduce the amount of his liability to the plaintiffs, and therefore incompetent. The notes in suit were given as collateral security for the same debt, and if the plaintiffs recovered and collected them, the witness' liability would be reduced.

It is no answer that he still may have a claim against the principal debtors. It would be the same in cases of bail and all securities.

If an indorser may be a witness, it is because his liability in all events will still remain the same. *Stacy* v. *Baker,* 1 Scam. 422; *Webster* v. *Vickers,* 2 do. 296; *Hays* v. *Gorham,* ib. 431; Contra.—*Lyon* v. *Boilvin,* 2 Gilm. 636.

A verdict and judgment in this case for the plaintiffs would be evidence in a suit brought by the plaintiffs against White to establish a payment on his mortgage. *Blake* v. *Irish,* 8 Shep. 450; 2 U. S. Dig. 969, § 245.

When the effect of a witness' testimony is to create a fund from which he is to receive a benefit, he is incompetent. *Brown* v. *O'Brien,* 1 Richardson, 268, cited in 2 U. S. Dig. 970, § 272.

A witness whose debt would be extinguished by a recovery in the suit is not a competent witness. *Richardson* v. *Bartlett,* 2 B. Munroe, 328.

One who has receipted for property attached by a deputy sheriff is not a competent witness for the defendant in attachment. *Pollard* v. *Graves*, 23 Pick. 86.

The interest of a witness is balanced only when he is alike liable to either party in case of the success of either, or when he is alike benefited by the result either in favor of plaintiff or defendant, and not when, if his evidence is received or rejected, the result of the verdict would be to him an immediate benefit if admitted, or loss if rejected, which loss might be repaired by the liability of some third person to him. *Ibid.*

*Peters*, in reply to the statement, that the judgment in this case would be evidence in favor of the witness in a suit on the mortgage, said that the judgment could not extinguish his liability, unless it was paid; that it would cut no figure whatever on a foreclosure by plaintiffs. It would be no answer that a judgment, merely, had been recovered.

The Opinion of the Court was delivered by

TRUMBULL, J. This was a suit upon two promissory notes executed by the defendants to G. M. & S. Thomas, and by them assigned to the plaintiffs as collateral security for a debt which they owed the plaintiffs.

Upon the trial in the Circuit Court, the defendants introduced evidence going to show that the consideration for which the notes were given had failed, and the plaintiffs offered one White as a witness by whom they proposed to prove facts material to the issue, but his testimony was objected to and excluded by the Court on the ground that he was interested in the event of the suit. White, when examined touching his interest, testified, "that he had executed a mortgage to the plaintiffs of his real estate, to secure the payment of a debt due from said payees, the Thomases, to the plaintiffs, for the security of which said debt of the Thomases, said two notes had also been assigned by payees to the plaintiffs; that if judgment should be recovered in this case, the money would go to discharge the debt which

the mortgage was given to secure; but he stated that he had no other interest in the suit, and that if he should be compelled to pay anything by reason of his having given said mortgage, the said payees would be liable to pay the same to him, as he, White, was security only for them." Judgment was rendered for the defendants, and the plaintiffs bring the case here and assign for error the decision of the Court, which was excepted to at the time, excluding White from testifying.

The general rule that to disqualify a witness from testifying on the ground of interest, he must have some certain, legal and immediate interest in the result of the cause, or in the record, is well settled; (1 Stark. Ev. 102; 1 Greenl. Ev. § 387;) but the difficulty arises in applying this rule, and determining in each particular case what the nature of the interest is.

In this case, it is difficult to conceive how the record could be evidence either for or against White in any other suit. He was not a party to it, and of course would not be bound by it, nor could it be introduced in any other proceeding to establish the facts therein contained either to his benefit or injury. White had made himself liable upon the mortgage, and in a suit to enforce its collection, the record of this case would not be evidence one way or the other. A judgment upon the notes followed by satisfaction, would, to that extent, discharge the debt for which White was security, and so would payment of the notes without judgment. But to avail himself of the benefit of such satisfaction or payment, the judgment obtained in this case would be of no use as it would not establish that fact.

Nor had White such an interest in the result of the cause as to disqualify him from testifying. The most that can be said is, that if the plaintiffs were unable to make their claim out of the defendants and the Thomases neglected to pay it, the witness might be called upon to do so, and in that event he would have to look to the Thomases alone for re-imbursement. To obtain it, he might or might not be forced to resort to a suit, and if he should, greater difficulty would

follow in securing himself harmless than if the debt were discharged at once by collecting the amount from the defendants, but more or less difficulty in protecting the rights of the witness shows but a remote or contingent interest. The witness may never be called upon to pay anything even if the plaintiff fail in this suit. The Thomases will still be between him and the plaintiffs, and a payment by them would of course discharge him, or if compelled to pay in the first instance, he still has his remedy over, and it is only upon the double contingency that he would be compelled to pay the mortgage and that the Thomases would be unable to refund, of which there is no evidence in the record, that he could possibly suffer loss. The law does not regard an interest so remote and contingent. The circumstances disclosed might well be supposed to have more or less influence upon the mind of the witness, but they were circumstances going to his credit and not to his competency.

The case of *Gregory* v. *Dodge*, 14 Wend. 593, is in principle precisely analogous to this. In that case, the witness by his testimony discharged a debt due to the defendants from himself by fixing it upon the complainants, and therefore appeared to be interested in favor of the defendants by whom he was called as a witness, but it appearing that the debt belonged to the complainants to pay, and that if the defendants should have to collect it from the witness, he would have a remedy over, he was held competent, and Justice Nelson, in giving his opinion in that case remarks: "If the account is now settled in this suit, the witness is discharged from his individual liability ; if not, he may be obliged to pay it and look to the complainants. The remedy may be attended with more difficulty as paying the amount and being turned over to the complainants for re-imbursement, than at once canceling it by an adjustment now between the parties ; and to the extent of this supposed difference the witness may be regarded as not indifferent. But upon the facts the remedy is as certain in the one case as the other. The witness may and will have a bias, because the discharge from liability is more speedy and

and practically more certain in one case than the other; but, upon established principles, I think he is legally indifferent."

The case of *Lake* v. *Auburn*, 17 Wend. 18, re-affirms the doctrine laid down in the foregoing case, and the same principle is established by numerous other cases. *Page* v. *Thomas*, 6 Meeson & Welby's Rep. 732; *Milward* v. *Hallet*, 2 Caines Rep. 77 ; *Greely* v. *Dow*, 2 Metcalf, 176 ; *Martineau* v. *Woodland*, 12 Eng. Com. Law R. 453. In this last case, the witness had accepted a bill for the sum for which the action was brought, which bill had been dishonored and was in the hands of the plaintiffs in whose behalf he was called. It was objected that it was his interest to fix the defendant in that action; for if the defendant paid the plaintiffs, the witness would be exonerated on the bill. To this it was answered that the witness was indifferent, his interest being equal each way, for if obliged to pay the bill, he would recover the amount of the defendant, and he was held competent.

The foregoing authorities, and there are many others to the same effect, would seem to establish the rule, that a witness is never disqualified from testifying on account of interest in the result of a cause, when the extent of his own liability or claim is previously fixed and certain, and a judgment either way would not directly and certainly increase or diminish that liability or claim.

This rule would not allow a surety upon a bail, appeal or official bond to testify in a suit against the principal in reference to a matter for which the surety might ultimately be made liable, because the judgment to be obtained would be evidence of and fix the surety's liability in a subsequent suit upon the bond; but the extent of White's liability in this case was fixed by his mortgage, and did not depend upon the amount, or whether any judgment was obtained against Wheeler & Putnam. He was therefore a competent witness.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*