### MATTHEW PERKINS, *adm'r. vs.* SHEPHERD BUMFORD.

In an action upon a promissory note. which has been made in consideration of a deed of the promisser, conveying to the maker all the promisser's right in a tract of land, it is no defence, that the promisser had no interest in the land, unless some fraud is made to appear.

ASSUMPSIT upon a promissory note, dated April 9, 1819, for $50, made by the defendant, and payable to *D. Smith*, or bearer, on demand.

The cause was tried here, upon the general issue, at November term, 1825, when it was admitted, that the defendant made the note ; and it appeared, that on the day of its date, *D. Smith*, the promissee, by deed, released to the defendant, all his right in certain lands, and that the description in the deed, of the subject matter of the conveyance was in the following words, " all the right, title, claim, and de- " mand, that I have on a certain tract of land lying and being " in Sanbornton, aforesaid, which land was taxed to said " *Bumford* for the direct tax, levied and assessed for the year " 1815, was sold by *W. B. Kelly*, deputy collector for the " sixth collection district, in May, 1816, and bid off by me, " the said *Smith*, at his sale ; meaning to convey all the right " or title I have, by virtue of said sale." It also appeared, that the note was given in consideration of the said release.

The defendant offered to prove, that the note still remained the property of said *Smith*, and that previous to the sale of said land, as aforesaid, by the collector, the said tax had been paid by the defendant. But the court rejected the evidence ; and a verdict was taken for the plaintiff, subject to the opinion of the court upon the relevancy of said testimony, thus rejected.

*Woodbury*, for the plaintiff.

*Bell*, for the defendant.

RICHARDSON, C. J. The consideration of the note, in this case, was a deed, which passed whatever the grantor had contracted to sell. This is not the case of a man, who has paid money in consideration of a contract, void for want of power in the other party to contract. *Shearer vs. Fowler*, (7 *Mass. Rep* 31,) nor of a man, who has given a promissory note in such a case. 7 *Mass. Rep.* 14, *Fowler vs. Shearer*.

This is not the case of a man, who affirming, that he has a right, sells it, when he is aware, that he has no right, and so is guilty of a fraud. 3 *D. & E.* 438, *Hayne vs. Maltby.*—8 *Mass Rep.* 46, *Bliss vs. Negus.*—1 *N. H. Rep.* 174, *Reed vs. Prentiss.*

Here the defendant bought the right of *Smith*, whatever it might be ; and *Smith*, by deed, conveyed whatever right he might have had. There was no fraud. The defendant has all that he purchased. The case of *Bree vs. Holbeck*, (*Douglass* 654,) is strongly in point ; and we think, the evidence of payment of the tax was properly rejected, as wholly irrelevent, and that there must be

*Judgment on the verdict.*