## EDGERTON *vs.* BRACKETT.

A promissory note made by the defendant, payable to a third person or order, and indorsed to the plaintiff, may be given in evidence under a count for money had and received.

An action may be sustained upon a negotiable promissory note, in the name of a third person, to whom it has been indorsed for the purpose of collection, and who has no interest in the suit except as a trustee.

An individual applied to an attorney to collect certain notes, and indorsed them, in order that the attorney might bring a suit in the name of a third person, with whom the attorney had an arrangement authorizing him thus to bring suits in his name; and the attorney inserted a count for money had and received, with the purpose of covering a negotiable note payable to himself—*Held*, that the attorney had a right to control the suit thus instituted, notwithstanding the party interested in the other notes objected to the rendition of a judgment which should include the note payable to the attorney.

ASSUMPSIT.    The declaration contained two counts upon promissory notes payable to J. Stevens, Jr., and indorsed, and a third count for money had and received.

The defendant was defaulted.

S. C. Badger, Esq., who made the writ and entered the action, claimed to recover, under the third count, the contents of a promissory note executed by the defendant as surety of I. S. Boyd, payable to Badger, or order, and indorsed to the plaintiff, amounting to $101·28 ; and the defendant, by a written agreement, assented to a judgment including the demand.

The property of the defendant was attached on the writ, and Seth Eastman, who was a subsequent attaching creditor,

and who, after the service of the writ, had purchased all the interest of Stevens in the notes, and all his right and control over this suit, appeared by his attorney, and objected to the rendition of any judgment upon the third count.

It appeared that Stevens applied to Badger, who is an attorney at law, and clerk of the courts in Merrimack county, to commence a suit on his notes; and, for the purpose of enabling him to bring a suit, indorsed the notes to the plaintiff, who resides out of the state, with whom Badger had made an arrangement by which he was authorized to bring suits in his name.

Badger held, at the time, the note in question, signed by the defendant, and inserted the count for money had and received, with the view and purpose of securing that note along with the others. He did not disclose this fact to Stevens, or to the officer who served the writ, but he stated it to the defendant at the time, and to the individual who receipted for the property attached; and he also stated immediately after the attachment, to Boyd, the principal debtor, and to a clerk in his employ, that he had secured the note, by an attachment of the property of the defendant.

Stevens kept his notes in his possession until he delivered them to Eastman, and he gave directions in relation to the attachment, which Badger superintended at his request. Badger at the time of the attachment spoke of the debt to the officer as one belonging to Stevens, and specified the notes of Stevens, without any mention of his own. And Stevens testified that he would not have assented to have Badger's demand included, had he been aware that Badger intended to do so.

Eastman, when he purchased the interest of Stevens in the notes, had no knowledge that the writ was intended to cover any other demand.

The property attached was more than sufficient to secure all these notes.

Edgerton *v.* Brackett.

*Arthur Fletcher*, for Eastman.  Badger claims to act as the attorney of Stevens.  If an attorney might in this way insert his own claim, he might defeat the claim of his client.

If he includes his demand without the knowledge of his client, who is to have the benefit of the judgment, it would be a breach of trust, and in many cases might do much harm.  A small judgment against a man may be much better than a large one.

It is not pretended that Stevens consented to this course. He did not hear of it until long after, and had no reason to suspect it.  Badger told the officer the writ was on Stevens' notes.  It does not appear that Badger told any body, except the receipter, until after the assignment to Eastman.  He told some others that he had sued.  If Badger intended to conceal the fact that his demand was included, he ought not to put it in the judgment.

Badger did not act as an ordinary attorney.

It is somewhat remarkable that Brackett wishes to have this note satisfied out of his own property, he being only surety.

*Badger*, *pro se*, *& James Bell*, argued that it was not material that Stevens should be informed of the particular mode in which the suit was brought upon his claims.  He could not have been prejudiced by another demand being included in the action, and it would have been improper and oppressive in Badger to have commenced another action upon his note, (in the name of another or the same nominal plaintiff,) against the defendant.  If Eastman bought Stevens' demands in ignorance of the fact (known to so many others,) that another demand was sued with them, it was because he did not take the trouble to enquire of the attorney intrusted with bringing the suit; and he is not even prejudiced by this laches, for the demands which he purchased are admitted to be amply secure, and no part of them will be lost.

The questions are, 1. Whether, as a matter of practice, the

attorney who brings and enters an action is not the proper person to decide upon what causes of action it is brought.

2. Whether if it had appeared (which is far from being the fact,) that the attorney had improperly sued another demand in the same action with that of his client, the court could interfere by striking one demand out of the writ, or would not rather leave Stevens to his remedy against his attorney.

PARKER, C. J.　It is settled that a promissory note, made by the defendant to a third person, or order, and indorsed to the plaintiff, may be given in evidence under a count for money had and received.　*5 N. H. Rep. 557, Tenney* vs. *Sanborn.*　There are undoubtedly objections to this rule, as such a mode of declaring gives the defendant no accurate information upon what the suit is in fact brought ; but the rule is too well settled, here and elsewhere, to be set aside without legislation, or some rule which shall affect only cases which occur afterwards.

Had the plaintiff been the actual owner of the note in question, therefore, neither the defendant, nor Eastman as a subsequent attaching creditor, could have objected to a judgment for this note, along with the other demands, provided the third count was in truth inserted with the purpose of covering and securing it.

A long practice also has sanctioned the institution of suits, upon negotiable notes, in the names of third persons, to whom they are indorsed for the mere purpose of having suits commenced in their names, and who have in fact no interest in the suit except as trustee.　And it has been held, in Massachusetts, that this furnishes no objection to the maintenance of an action.　*7 Pick. R.* 40, *Bingham* vs. *Marean.*　Notes are often indorsed in this way for the mere purpose of collection.　We are not disposed to give any encouragement to this course where it is resorted to for the purpose of rendering it less easy for the defendant to make his defence.

Where such is the purpose, the practice is undoubtedly reprehensible, but that does not appear to have been the object in the present case. The defendant himself has no defence, and makes no objection. Nor does Eastman make any objection on this score. So far from this, he has purchased the notes described in the writ of Stevens, and desires to have the suit proceed for their collection; but he wishes it may be for their collection alone.

There seems to be no reasonable doubt, however, that Badger, when he drew the writ, intended the count for money had and received, not as a further declaration upon the notes of Stevens by way of precaution in case there was any defect in the special counts upon those notes, but as a declaration on his own note, or to cover that note. He did not disclose this to Stevens, or to the officer; and to the latter he spoke of the suit as if it was in fact Stevens' suit. But he testifies, explicitly, that he inserted that count as a declaration upon the note to himself; and he is corroborated in this by his statements, made to the defendant at the time of the service of the writ, to the individual who receipted on the same day for the property attached, and who had an interest in ascertaining the amount of the demands, and to others also.

The fact that he did not inform Stevens, or the officer, cannot show that he did not intend to institute the suit on this note along with the others.

The main question in the case is, therefore, who has the right to control the suit thus instituted; Badger, who made the writ, or Eastman, who now has Stevens' interest in the notes, and claims to exercise all the rights that Stevens himself might have exercised in relation to it?

Had Stevens caused a suit to be instituted in his own name, and had Badger without his knowledge put into it a count, general or special, for the purpose of covering a demand belonging to himself, we have no doubt that Stevens might have controlled the suit, discharged the attorney, and

Edgerton *v.* Brackett.

refused to permit a judgment to be taken for any thing more than his own debt.

But the plaintiff on the record, it is admitted, is a man of straw. Had Stevens directed the suit commenced in the name of a nominal plaintiff, to whom he had indorsed the notes for that purpose, and to whom he was responsible, he must have been permitted to manage the suit as if it had been in his own name. In this case, however, Badger provided the image which is set up. The plaintiff is his legal automaton. He is responsible for the use which is made of the plaintiff's name, and bound to indemnify him.

Stevens, in committing his notes to Badger, and indorsing them so that Badger might bring a suit in this mode, gave Badger the same right to control the suit that he would have had if the notes had been indorsed to himself for a like purpose. And we think there can be no question that if the notes had been indorsed to Badger, with the intention of having a suit brought in his name, he would have had the legal right to include a demand of his own in any suit which he might thus institute, and to manage the suit for the purpose of collecting that also, being liable to Stevens, in damages, if he neglected his interests in the matter. Stevens in that case could not have claimed to take the suit out of Badger's control, because it would be the suit of the latter. And so in the present case, as Badger has undertaken to collect the notes of Stevens, by bringing a suit in the name of a third person with whom Stevens has no concern, and over whom he has no control, but to whom Badger is responsible, Stevens cannot claim the control of the suit thus instituted; but he, or Eastman, his assignee, must rely upon a remedy against Badger, if he, by any neglect of duty, or by an attempt to collect his own demand, defeats the collection of the notes thus intrusted to him.

Eastman, as assignee, can have no greater rights than Stevens himself could have had if he had retained his interest.

There must, then, be judgment for the plaintiff for the amount of all the notes.