## SANBORN, Adm'r. *v.* FRENCH.

In the absence of fraud and mistake, a married woman's separate deed of her land, made to a third person at the request of the defendant, is a sufficient consideration for his promissory note made payable to her.

ASSUMPSIT, on a promissory note for fifty dollars, dated March 30, 1847, payable to Sarah Sanborn or order, in one year from date, with interest annually, signed by the defendant. The declaration also contained a count for money had and received.

It was agreed by the parties that, at the date of the note, the plaintiff was the husband of Sarah Sanborn the payee ; that the consideration of the note was the execution, on the same day, of a quitclaim deed of a certain piece of land, by Sarah Sanborn, at the request of the defendant, to one Mrs. Rogers ; that the plaintiff did not join in the deed.

Previous to the year 1825, Sarah Sanborn, the wife of the plaintiff, had owned this land in her own right in fee, and then joined with her husband in a conveyance of the land to a third person, who re-conveyed the land to her for life, and it was this life-estate she conveyed as the consideration of the note in suit. No change was afterwards made in the title to conform to the statute of 1846, relating to married women.

A few days before the note became due, the plaintiff sold it to one Hill, and indorsed it with his name in blank, as administrator, which indorsement remains on the note. Sarah Sanborn died ; her husband, the plaintiff, was appointed administrator of her estate, on the third Tuesday of May, 1849, and sues in that capacity.

*Herbert*, for the plaintiff, cited *Nickerson* v. *Haywood*, 19 Johns. Rep. 113 ; *Horn* v. *Fuller*, 6 N. H. Rep. 511.

*William C. Thompson*, for the defendant, cited *Ela* v. *Card*, 2 N. H. Rep. 176 ; *Fowler* v. *Shearer*, 7 Mass. 14 ; *Lithgowe* v. *Kavanagh*, 9 Mass. 161 ; *Jackson* v. *Halloway*, 9 Johns. Rep. 81 ; Bingham on Infancy and Coverture, 286.

PERLEY, J.   The plaintiff undertook, as administrator of his wife's estate, to indorse the note before it fell due.   But he had no letters of administration until the third Tuesday of May, and the note fell due on the second day of April.   An administrator derives his authority from the grant of administration ; and this indorsement, being made before the plaintiff had letters of administration, was inoperative, and gave Hill no title to the note. Consequently the note would be liable in his hands to any defence that could be made against the payee.   Indeed the case does not show that the note was ever legally transferred to Hill.   It has always belonged to the estate of the intestate ; and in the grant of administration the title to the note vested in the administrator.   The attempted transfer to Hill, will not protect the note against a defence that could be made to it in the hands of the payee.

This view of the case disposes also of the defendant's objection that the action cannot be maintained by the plaintiff, for want of interest in the note.

But even if the indorsement had been valid, and transferred the note to Hill, being in blank, it made the note payable to bearer ; and it would then pass by delivery.   The presumption of course must be, till the contrary is shown, that the plaintiff is the lawful bearer of the note which he produces in the cause, and as such he may well recover on his count for money had and received.   Besides, though the fact appeared that Hill was the owner of the note, and the plaintiff had no beneficial interest in it, the action might still be maintained in his name.   *Egerton* v. *Brackett,* 11 N. H. Rep. 218.   Having disposed of these preliminary points, we come to the principal question in the case : whether the defendant's note was given upon a sufficient consideration ?

The payee, a married woman, at the request of the defendant, executed to a third person a separate deed of land, in which she had an estate for life ; this is the only consideration for the note appearing in the case.

As a general rule, the separate deed of the wife is held to be void ; and, except in the case of a lease, is incapable of being confirmed by the wife after the husband's death.   *Ela* v. *Card,* 2 N. H. Rep. 176.   The deed in this case does not fall under any of the

exceptions to this rule, and must therefore be held inoperative as a conveyance.

Here is nothing in the nature of fraud or mistake ; it must consequently be taken that the parties understood at the time that no estate passed by the deed.   Even if it appeared that the defendant, knowing all the facts, misapprehended the legal effect of the deed, his mistake of the law would not furnish him with any ground of defence.  *Bilbie* v. *Lumley*, 2 East, 469 ; *Ladd* v. *Kenney*, 2 N. H. Rep. 340.

There has been no *failure* of consideration.   The defendant has all, that we can understand, he contracted for.   The defence which he sets up, is a total *want* of consideration for his note. It is now well settled, though the point continued to be questioned until a recent period in the history of the law, that want of consideration is a good defence to a suit brought on a promissory note by the payee or his representative.  *Pillans* v. *Van Mierop*, 3 Burrow, 1671 ; *Livingston* v. *Hastee*, 2 Caines' Rep. 247.

But in the absence of fraud and mistake, the court cannot inquire into the *amount* and *adequacy* of the consideration.   If the contract is fairly made, with a full understanding of all the facts the " *smallest spark* " of consideration is sufficient.

It is enough, if a slight benefit be conferred by the plaintiff on the defendant or a third person ; or, if the plaintiff sustain the smallest injury or inconvenience, or risk of injury or inconvenience, without benefiting the defendant or any other person. Com. Dig. Action Assumpsit, B. 1 ; Chitty on Contracts, 7 ; *Pillans* v. *Van Mierop*, 3 Burrows, 1672 ; *Phillips* v. *Bateman*, 16 East, 372 ; *Stewart* v. *The State*, 2 Harr. & Gill. 114 ; *Austyn* v. *McLewe*, 4 Dallas, 229.

In *Sturlyn* v. *Albany*, Cro. El. 67, the plaintiff, at the request of the defendant, showed him a deed, by which rent was reserved ; and this was held to be a sufficient consideration for the promise of the defendant to pay the rent.

In *Traver* against an anonymous defendant, 1 Siderfin, 57, a woman, after the death of her husband, promised a creditor, if he would prove her husband had owed him £20, she would pay it ; and it was held a sufficient consideration, because it was trouble and charge to the creditor to prove his debt.

In the present case the payee of the note executed the deed at the request of the defendant. This caused trouble and inconvenience, more or less, which the payee might have declined to incur; and to induce her to execute the deed, the defendant gave her this note. The *adequacy* of the consideration, the law does not undertake to measure. How can we say here was no spark of consideration, such as the cases recognize to be sufficient to support a promise?

What particular motive the defendant may have had for desiring to obtain this deed from the plaintiff's wife, does not appear. But the deed, though void as a conveyance to pass any legal estate, would still give color of title to the grantee, and those who claimed under her, and this color of title would extend an adverse seisin, by construction, to the limits of the land described in the deed, and might have very important effects on the rights of those who held possession under it. The grantee may therefore have expected to derive, and might have in fact derived substantial advantage from the execution of the deed.

On the other hand, in addition to the trouble the plaintiff's wife must have taken, and the slight expense she may have incurred in executing the deed, this conveyance would be very likely to bring doubt and embarrassment on her title, and in case she survived her husband, might interpose serious obstacles to her enjoyment of the land. She would be obliged to establish her claim against her own deed. The case indeed now finds that, at the time when she made the deed, she was a married woman, and on that account the law holds her conveyance to be inoperative. But the fact that she was a married woman, if denied, she would be obliged to establish by proof—and this, after a long lapse of time, she might find it difficult, perhaps impossible, to do. This cloud, which a void deed brings over the title to land, the law regards as a serious embarrassment, and equity gives relief by decreeing the void deed to be given up and cancelled. *Lord St. John* v. *Lady St. John*, 11 Vesey, 535.

In *Perkins* v. *Bumford*, 3 N. H. Rep. 522, the plaintiff had purchased land at a sale for taxes, and the tax had been paid by

the defendant, the owner. The note in suit was given for a quit-claim deed of the land, which the plaintiff executed to the defendant after the payment of the tax. The plaintiff had no title, or color, or pretence of title in the land, and in fact conveyed nothing whatever *by his* deed. The court indeed distinguish that from the case of a contract void for want of power in the party to contract, and refer to *Fowler* v. *Shearer*, 7 Mass. 14, as an authority for that distinction. But, in substance, looking to the value and amount of the consideration, we can perceive no difference between the case where the maker of a deed has legal capacity to convey, but is known by the parties to have no pretence of title to the land, and the case where he owns the lands, but wants capacity to convey. In both cases the grantee, by the deed, obtains color of title to the land, and in neither does he obtain any thing more.

According to *Perkins* v. *Bumford*, if a man having legal capacity to convey, execute a quitclaim deed of land, to which he has, and makes no claim whatever, his deed is sufficient consideration for a promissory note. The distinction suggested between this and the case where a married woman, in the absence of fraud and mistake, executes a deed of her land, at the request of the defendant, is certainly not substantial, but wholly artificial and technical. The chance of advantage to the grantee is equal in both cases. In both cases, it is easy to imagine reasons why a man might desire to have a deed, that conveyed nothing. In neither case does he obtain any legal right to the land.

The color of right would be at least as plausible under a deed from the owner, void for want of legal capacity in the grantor, as under a deed from a party of legal capacity to convey, but who was known to have no color of right to the land.

If we look to the trouble, inconvenience and risk of the grantor, for a real consideration, the advantage is certainly not in favor of the note given on the execution of a deed, by a party with legal capacity, but without pretence of title. He can never be embarrassed by the deed he has given; for he had nothing in the land to lose. Whereas, the true owner of the land, who has executed a deed, void on account of her legal disability, may

meet with serious difficulties in asserting her title, against her own void conveyance.

*Fowler* v. *Shearer*, we think, may well be distinguished from the present case, and will hardly be found to warrant the inference drawn from it in the remark which fell from the court in *Perkins* v. *Bumford.* For the deed in *Fowler* v. *Shearer*, was not " void for want of power" in the party that made it. The wife had full power by letter of attorney, from the husband, to convey the land. She undertook to execute this power, and referred to it in the deed itself, but failed, through a mistake in the form of the conveyance, to do what she undertook, and what the parties manifestly understood to be the consideration of the note ; that is, to convey a title to the land under the power of attorney, which she had from her husband. It was clearly a case of mistake and misapprehension, and appears to have been so regarded by the court ; for they say, if the defendant had actually paid the money, and were seeking to recover it back, on the ground of mistake, the case would present a different question.

In the case of *Perkins* v. *Bumford,* there was no decision of this point. The distinction between want of title and want of legal capacity is merely suggested in an incidental remark on the authority of *Fowler* v. *Shearer,* and that case, we think, on examination, will not be found to establish any such distinction.

*Clark* v. *Sigourney,* 17 Conn. 511, a very well considered case, is direct to the point that the execution of an inoperative deed, is sufficient consideration for a promissory note. That was a suit on a note for $300, given in consideration of the execution of a deed, inoperative for want of power in the grantor to make it ; and the consideration was held to be sufficient. The court say, " That the execution and delivery of the deed in the present case, were at the request of the defendant, and were attended with at least some actual trouble and inconvenience, is, in our opinion, sufficient consideration to support the promise declared on."

This question has not been found free from difficulty. But we have come to the conclusion, that the case shows a sufficient consideration for the defendant's note. The weight of authority

leads us to this result, and on grounds of policy and general con-
venience, we see no reason for leaning to a decision that might
have a tendency to encourage applications to married women for
separate deeds of their lands. If a married woman own land,
and a man, informed of all the facts, desires to obtain her sepa-
rate deed, which he knows to be void, and in order to induce
her to take the pains and trouble of executing it, and to run the
risk of embarrassing her title, if she should have occasion to claim
the land against her own conveyance, gives her his note for such
a deed, we are of opinion that the note is not so entirely without
consideration as to be void on that account.

Such being the opinion of the court on the main question pre-
sented, we are not called on to consider the authority of *Nicker-
son* v. *Howard*, cited for the plaintiff, nor to decide whether it
is in point in the present case.

*Judgment for the plaintiff.*