## MARTIN v. FARNUM.

Assumpsit for money had and received, may be maintained by the third endorser of a promissory note against the first.

The statements or confessions of a witness that he is interested in the result of the action, are inadmissible, as evidence *aliunde*, to show his interest and render him incompetent.

Where a witness, before trial, made statements showing that he was the real plaintiff in the action—*held*, that these statements were inadmissible as evidence addressed to the court to show the witness to be incompetent.

It seems that where it is proved that the witness offered is the real plaintiff, that mutual releases between the witness and nominal plaintiff will not render him competent. Being the real plaintiff, he is still liable to the defendant for costs in case of failure in the suit.

Whether a bond of indemnity against such costs from a solvent obligor, or a deposit with the clerk of a sufficient sum to cover the liability, would be sufficient to remove the interest, *quære?*

ASSUMPSIT. The writ. was dated January 15th, 1850, and contained one general count for $600, money had and received. The specification was for two promissory notes. The first, for $100, dated August 7th, 1848, signed by the defendant, payable to Asa Martin, or order, in one year from date, with interest annually, and by said Martin endorsed to the plaintiff. The second, for $330, dated April 26th, 1848, signed by one C. W. Eaton, payable to the defendant, or order, in one year from date, with interest, and by him endorsed to the said Asa Martin, who himself endorsed the same over to the plaintiff without recourse. The defendant, under the provisions of the statute, confessed an amount equal to the first note, and pleaded the general issue as to the balance.

On the trial, the plaintiff offering the second note, the defendant objected to its being read to the jury, on the ground that it was not receivable as evidence under the general count for money had and received, but should have been declared on specially. The note was admitted and read, subject to the exception.

To prove a demand upon the maker of the note, and a refusal to pay, and that notice of the same had been given to the defendant as endorser, the plaintiff offered the said Asa Martin as

a witness, the second endorser upon the note. He was objected to on the ground of interest. To sustain the objection, the defendant proved by the statements of said Asa Martin that he was the real plaintiff in interest in the suit. The plaintiff's counsel contended that the interest of the witness could not be shown in that way, he not being a party to the record; that it might be shown by the statements of the plaintiff upon the record, but not by those of the proposed witness. The court ruled that the interest might be shown in the manner in which it had been, and rejected the witness.

- A release was then executed by the witness to the plaintiff, and also by the plaintiff to the witness, and the plaintiff contended that the witness was then competent to testify; but the court held. that inasmuch as it was proved that the witness was the real party to the suit, he could not be qualified as a witness in that way.

Thereupon a verdict was taken by consent for the amount confessed, being the amount of the first note; and the plaintiff moved that the same might be set aside and a new trial granted,- for error in the rulings of the court. And the questions arising upon the case were reserved and assigned to this court for their determination.

*Bryant,* for the plaintiff. The statements of Asa Martin cannot be admitted until some identity of interest is proved between him and the party to the record. 1 Greenl. Ev., § 171. And even if there were an apparent interest in Asa Martin, his statements are not admissible against the plaintiff upon the point of the reality of that interest, until a *prima facie* case be made out by independent evidence. 1 Greenl. Ev., § 177.

The party to the record is conclusively presumed to be the party in interest, and the contrary must be shown by competent proof. 1 Greenl. Ev., § 19.

Proof of the confessions of a witness that he is interested or otherwise incompetent, will not exclude him. *Pierce* v. *Chase,* 8 Mass. Rep. 487; *Commonwealth* v. *Waite,* 5 Mass. 261; 1

Stark. Ev. 136, note; *Young* v. *Garland,* 6 Shepl. Rep. 409; *Dunn* v. *Crouise,* 9 Ham. Rep. 82.

The note appears to be endorsed by Asa Martin, and any mere declaration made by him, claiming an interest in it, would be in disparagement of the plaintiff's title, and therefore inadmissible. 1 Greenl. Ev., §§ 172, 173, 180, 190, 191.

*Sargent,* upon the same side. The note was properly admitted as evidence under the count for money had and received. *State Bank* v. *Hurd,* 12 Mass. Rep. 172; *Ellsworth* v. *Brewer,* 11 Pick. Rep. 319; *Hodges* v. *Holland,* 16 Pick. Rep. 395.

The evidence to prove what Asa Martin said, was merely hearsay and inadmissible. What a witness who is called shall have been heard to say will not be received to show his interest, for it is only hearsay. In addition to the authorities already cited to this point I would refer the court to 2 Phil. Ev. (Cowen & Hill,) 258; *Barnes* v. *Ball,* 1 Mass. Rep. 73; *Nichols* v. *Holgate,* 2 Aiken's Rep. 138; *Warren* v. *McGary,* 4 Vermont Rep. 507; *Stevenson* v. *Mudgett,* 10 N. H. Rep. 338; 2 Stark. Ev. 757, note. If such statements are to be received, and witnesses excluded on that ground, an unwilling witness might in all cases deprive the party of his testimony.

After the execution of the releases, the witness Martin was competent, even if proved to have been interested before, either as party or otherwise. *Talbot* v. *Clark,* 8 Pick. Rep. 51; *Ford* v. *Ford,* 17 do. 418; *Bemis* v. *Charles,* 1 Met. Rep. 440; *Moore* v. *Viele,* 4 Wendell's Rep. 420; 9 do. 293; *Moore* v. *Adm'r of Rich,* 12 Vermont Rep. 563; *Greenough* v. *West,* 8 N. H. Rep. 400; *Locke* v. *Noyes,* 9 N. H. Rep. 430; 1 Greenl. Ev., § 426.

*Nesmith* and *Pike,* for the defendant. 1. The note was improperly admitted as evidence under the count for money had and received. Courts have gone no further than to make the drawer or immediate endorser of a note liable in this form of action. *Tenney* v. *Sanborn,* 5 N. H. Rep. 557; *Wild* v. *Fisher,*

4 Pick. Rep. 421; *Boardman* v. *Gore*, 15 Mass. Rep. 331; *Edgerton* v. *Brackett*, 11 N. H. Rep. 218; Oliver's Precedents, 69; 4 Esp. 204.

There is no privity of contract or agreement; no promise between them. Chitty on Bills, 594, 595, *a; Mandeville* v. *Biddle*, 1 Cranch's Rep. 290, 298.

2. Asa Martin was properly excluded as a witness. There are many authorities that a witness cannot testify who thinks himself entitled to share in the verdict if the plaintiff recovers, though the fact is otherwise. *Plumb* v. *Whiting*, 4 Mass. Rep. 518; *Trustees of Lansingburg* v. *Willard*, 8 Johns. Rep. 428; *Long* v. *Bailey*, 4 Serg. & Rawle 226; *Frothingham* v. *Greenwood*, 1 Str. Rep. 129; *Skillinger* v. *Bolt*, 1 Conn. Rep. 147; 1 Greenl. Ev., § 411.

A nominal plaintiff cannot interfere with the action. *Farnsworth* v. *Sweet*, 5 N. H. Rep. 267; 2 Cowen & Hill's Phillips on Ev. 163, note 172.

The interest of a witness can be proved by his own statements. *Colston* v. *Nichols*, 1 Harr. & Johns. Rep. 105; *Anonymous*, 2 Hayward's Rep. 340; *Dennis* v. *Jones*, 1 Coxe's Rep. 46; *Patten* v. *Halstead*, 1 Coxe's Rep. 277; 1 Greenl. Ev., § 423. Analagous to this is the method of showing a witness's religious opinions. 1 Greenl. Ev., § 370, and cases there cited.

3. If Asa Martin is the plaintiff in interest, he cannot release or be released. 2 Stark. Ev. 758.

EASTMAN, J. Assumpsit for money had and received will lie, whenever the defendant has money in his hands which the plaintiff ought to have, or has made a promise to pay a sum which the plaintiff is entitled to receive. It is a liberal, equitable form of action, and courts have been disposed to uphold it when no rule of policy or strict law interferes to prevent. *Wright* v. *Butler*, 6 Wendell's Rep. 290; *Eddy* v. *Smith*, 13 Wendell 488; *Irvine* v. *Hanlon*, 10 Serg. & Rawle's Rep. 219; 2 Term Rep. 370; 3 B. & Pul. 169.

It lies by the holder of a note, whether payee or indorsee,

against the maker. This is well settled. The note is evidence of money had and received by the maker of the payee, and also of an agreement on the part of the maker to hold the money for the use of any one to whom the note may be legally transferred. *Tenney* v. *Sanborn*, 5 N. H. Rep. 557 ; *Edgerton* v. *Brackett*, 11 N. H. Rep. 218 ; *Olcott* v. *Rathbone*, 5 Wendell's Rep. 495 ; 12 Johns. Rep. 90.

It may also be maintained by the indorsee against the indorser. The foundation of the action in such a case is an implied promise to pay the sum mentioned in the note, when the same is passed from the indorser to the indorsee. The presumption is, as each indorser passes the note to his indorsee, that he is paid the money therefor ; and the contract of the indorser is, that he will, in default of payment by the maker or his previous indorsers, pay the money himself to his indorsee or to any one who may be the holder. *State Bank* v. *Hurd*, 12 Mass. Rep. 172 ; *Wilson* v. *George*, 10 N. H. Rep. 446 ; *Hays* v. *Phelps*, 1 Sandf. Sup. Ct. Rep. 64 ; *Ellsworth* v. *Brewer*, 11 Pick. Rep. 316. In *Hays* v. *Phelps*, the action was brought by a third indorser against the first, and is therefore precisely parallel with the case under consideration. In *Ellsworth* v. *Brewer*, the plaintiff was the sixth indorser and the defendant the fourth. In that case the court say : To maintain assumpsit there must be a privity between the parties, but it may be a privity in fact or in law ; and as such negotiable contract is presumed to be a cash transaction, and as a money consideration is presumed to pass at the making and at each indorsement of the instrument, each party liable to pay is held responsible as for so much money had and received to the use of the party who is for the time the holder and entitled to recover.

We are not aware that this precise point has been raised in this State heretofore, but the tendency of the decisions in our own reports has been to sustain the ruling of the court below ; and upon an examination of the authorities and the reasoning of courts upon the subject, we discover no good objection to holding that the action can be maintained.

The practice in different jurisdictions upon the second point raised in this case has somewhat varied. Ordinarily, two methods are adopted to show the interest of a witness. He may be interrogated on his *voir dire*, and his interest shown in that way, or it may be shown by evidence *aliunde*. What the evidence *aliunde* shall be, must depend upon the position of the point presented for the court to pass upon. Primarily it is evidence for the consideration of the court in deciding upon the competency of the witness; but if the question depends upon intricate questions of fact, the court may in their discretion take the opinion of the jury upon them. The evidence which is offered *aliunde* must evidently vary to a great extent to conform to the nature of the interest and the numerous ways in which it presents itself. As the evidence is addressed to the court, some authorities hold that the court may exercise a latitude in receiving it exceeding the ordinary rules of evidence; and if they become satisfied that the witness is interested, he should be rejected; and hence, that the statements of a witness as to his interest are properly receivable in the discretion of the court in passing upon the question. *Colston* v. *Nichols*, 1 Harr. & Johns. Rep. 105; *Dennis* v. *Jones*, 1 Coxe's Rep. 46; *Patten* v. *Halstead*, 1 Coxe 277. It is also said that the evidence is admissible, as analogous to the principle of showing the religious opinions of a witness by his statements, and thereby deciding upon his competency.

Other authorities hold that the statements or confessions of a witness in regard to his interest are mere hearsay, and are properly classed under that head as inadmissible in deciding the question of competency. *Commonwealth* v. *Waite*, 5 Mass. Rep. 261; *Pierce* v. *Chase*, 8 Mass. Rep. 487; *Cotchet* v. *Dixon*, 4 McCord's Rep. 311; *Young* v. *Garland*, 6 Shepl. Rep. 409; *Vining* v. *Wooten*, 1 Cooke 127.

We also find, on comparing views, that a different practice has prevailed to some extent in the courts of this State; and the same question comes to us from another county upon the same ruling in another case. But after consultation in regard to the

Martin v. Farnum.

matter, we have arrived at the conclusion that the statements of a witness, that he is interested in the result of the suit, or that he is the party in interest, are not receivable for the purpose of excluding him.   Upon general principles this is clear.   The statements of individuals not parties to the record are not admissible to affect the interests of those parties ; and to show by others what they have heard such persons say, is but mere hearsay.   In addition to this general principle, which is against the reception of the evidence, there is another consideration of some moment.   The rights of a party would not unfrequently be sacrificed by the acts of an unfriendly and designing witness. It would be very easy for a witness to make loose statements out of court that he was interested in the result, and thereby put it in the power of the party that he wished to favor, but who would be seriously injured by his testimony, entirely to exclude him.

A witness may be put upon his *voir dire* and his interest tested in that way; or his interest may be shown by competent evidence *aliunde ;* or he may be cross-examined upon his general examination, and the usual course to contradict or impeach him may be pursued ; but to exclude him by his own unsworn statements or confessions in regard to his interest in the case, would be sanctioning a practice which we think would not answer.

It is not necessary to decide the other question raised by the case.   Ordinarily, the interest of a witness in the result of a suit may be released, or a sum of money deposited with the court, so as to make the witness competent.   But there are cases where the interest is such that it is difficult to be removed.   In this case, assuming that the witness had been proved to be the real plaintiff, we suggest that there was an interest which the mutual releases could not reach.   The interest which the witness could release, was all his right and claim to the cause of action and the avails of the suit; and that which the nominal plaintiff could release, was all claim which he in any way had, or could have, upon the witness in consequence of the suit.   But there is still an interest which is not removed.   The witness and real

plaintiff is, notwithstanding the releases, liable to the defendant for costs. At least such is the doctrine of many cases of high authority. *Scott* v. *Lloyd*, 12 Pet. Rep. 149; *McKinley* v. *McGregor*, 3 Whart. Rep. 369; *Cox* v. *Norton*, 1 Penn. Rep. 414; *Lake* v. *Auburn*, 17 Wendell's Rep. 18; *Gallagher* v. *Milligan*, 3 Penn. Rep. 177; *Ontario Bank* v. *Worthington*, 12 Wendell 593. Perhaps a bond of indemnity against such costs from a solvent obligor might make the witness competent. *Lake* v. *Auburn*, 17 Wendell 18. But this is denied in *Paine* v. *Hussey*, 5 Shepl. Rep. 274. A deposite with the clerk of a sufficient sum to cover the liability might probably remove the difficulty. But, as before stated, it is unnecessary to settle this question. The verdict must be set aside upon the second point, and a

*New trial granted.*